U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 03 2000

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JACQUETTA MITCHELL | CIVIL ACTION NO.: CV00-2475-S |
| VERSUS | JUDGE: JUDGE WALTER |
| BAILEY PROPERTIES, L.L.C. d/b/a/ WESTWOOD VILLAGE APARTMENTS | MAGISTRATE JUDGE: MAGISTRATE JUDGE PAYNE |
| | JURY DEMAND |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes JACQUETTA MITCHELL ("Plaintiff"), who respectfully represents the following:

### I. JURISDICTION

1.  This is an action for declaratory, injunctive and monetary relief for discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq.* and for violation of the Family and Medical Leave Act, codified at 29 U.S.C. Section 2601 *et seq.* Jurisdiction is based on 42 U.S.C. Section 2000e-5(f)(3), 29 U.S.C. Section 2617(a)(2), and 28 U.S.C. Sections 1331, 1332(a)(4) and 2201. Pursuant to 28 U.S.C. Section 1367, Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

### II. PARTIES

2.  Plaintiff, Jacquetta Mitchell, is an adult female citizen of the United States and the State of Louisiana. She is domiciled in Shreveport, Caddo Parish, Louisiana.



3. Made Defendant in this action is:

  (a) Bailey Properties Management, L.L.C., an Arkansas limited liability company, whose agent for service of process is CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809.

4. At all times referred to in this Complaint, Defendant was engaged in an industry affecting commerce.

5. Defendant is Plaintiff's "employer" within the meaning of 42 U.S.C. Section 2000e(b), 29 U.S.C. Section 2611(4), La. Rev. Stat. 23:331(B).

### III. FACTUAL ALLEGATIONS

6. Plaintiff was employed by Defendant at the property managed by Defendant at a location known as Westwood Village Apartments located at 6777 Raspberry Lane, Shreveport, Louisiana from April 12, 1999 through May 22, 2000. She held the position of Property Manager.

7. Plaintiff was paid a compensation package that included a base salary or $27,500.00 and a rent subsidy which consisted of a thirty-five percent discount.

8. On April 12, 2000, Plaintiff submitted for approval a request for leave under the Family Medical Leave Act, stating that her leave would begin on June 7, 2000 with an expected date of return on July 20, 2000. The request was signed by her personal physician, Dr. R. Azevedo.

9. Plaintiff's request for medical leave was for the purpose of the birth of her child. Plaintiff's request was approved by the Administrative Director of Bailey Properties, LLC, Vicki Adcock, on April 26, 2000.

10. Due to medical reasons, it was necessary to advance the beginning date of Plaintiff's medical leave under the Family Medical Leave Act to April 13, 2000.

11. By letter dated April 28, 2000, from Vicki Adcock, Plaintiff was notified that she would need to make modifications to her rent payments during the period of her medical leave despite the fact that part of her compensation package included discounted rent.

12. The letter from Ms. Adcock indicated that Plaintiff was a "key employee" as described in the FMLA regulations, and that she had twelve (12) weeks leave under the FMLA.

13. By letter dated May 22, 2000, Plaintiff was notified that due to her "key employee" status, it was necessary to fill her position of property manager of Westwood Village Apartments, and that there was not a position available for her to return to work. Plaintiff was further informed that if she had interest in working for Defendant she should make application as employment opportunities open.

14. Plaintiff was not a "key employee", nor did Defendant have good reason to believe that Plaintiff could be classified as a "key employee". Accordingly, Defendant discharged Plaintiff while on leave for maternity under the FMLA, prior to the twelve week leave period having expired, in violation to the Family Medical Leave Act.

15. Additionally, Plaintiff was treated differently by Defendant under the Family Medical Leave Act, as there are three (3) white employees of Defendant on maternity leave and their positions were not filled but instead remained open for their return.

16. Defendant discharged Plaintiff because of her race.

17. Plaintiff has timely filed a charge of gender and race discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue.

## IV. CAUSES OF ACTION

### COUNT I:

### VIOLATION OF TITLE VII

18. The averments of Paragraph 1 through 17 above are reiterated by reference and realleged here as though copied as in extenso.

19. The actions and conduct of Defendant as set forth herein constitute gender discrimination and/or race discrimination in violation of La. Rev. Stat. 23:301 et seq., 42 U.S.C. Section 2000e-2 and 42 U.S.C. Section 2000e-3.

20. The Defendant's actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally-protected rights.

21. Because of the actions of Defendant set forth herein, Plaintiff has suffered loss of employment benefits and has undergone severe stress and emotional harm.

22. All administrative prerequisites have been met for the filing of these Title VII claims.

### COUNT II:

### VIOLATION OF FAMILY MEDICAL LEAVE ACT

23. The averments of Paragraphs 1 through 22 above are reiterated by reference and realleged here are though copied in extenso.

24. The actions, conduct and practices of Defendant complained of herein violated Plaintiff's rights under FMLA and were taken in order to interfere with or retaliate against Plaintiff for her requested taking of family or medical leave in violation of 29 U.S.C. Section 2615.

## V.   JURY TRIAL DEMANDED

25.   Plaintiff demands a trial by jury as to all matters permitted by law.

## VI.   RELIEF

WHEREFORE, PLAINTIFF PRAYS:

(A)   that the Court declare the employment practices of which complaint is made to be in violation of 42 U.S.C. §2000e *et. seq.*, La. R.S. 23:301 *et seq.*, and otherwise inculpatory and illegal;

(B)   that the Court order Defendant to cease the discriminatory practices enumerated herein and enjoin Defendant from engaging in further discrimination against Plaintiff because of her gender or her race;

(C)   that the Court declare the employment practices of which complaint is made to be in violation of 29 U.S.C. §2615, and that the Court order Defendant to cease such practices;

(D)   that the Court order Defendant to pay front pay and/or lost future earnings in amounts to be determined by the jury;

(E)   that Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which she may have been entitled or which she may have lost as a result of the discrimination or retaliation against her;

(F)   that Plaintiff be awarded compensatory damages pursuant to 42 U.S.C. Section 1981a, and La. R.S. 23:333.

(G)   that Plaintiff be awarded compensatory and liquidated damages pursuant to 29 U.S.C. §2617(a);

(H) that Plaintiff be awarded the costs of this action, including attorneys' fees pursuant to 42 U.S.C. §2000e-5(k), 29 U.S.C. §2617(a)(3), and La. R.S. 23:333, and

(I) that Plaintiff be awarded punitive damages pursuant to 42 U.S.C. Section 1981a;

(J) for trial by jury for those matters triable to a jury; and

(K) that Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DAVIDSON, NIX & JONES
A Professional Law Corporation
509 Market Street, Suite 800
Shreveport, Louisiana 71101
(318) 424-4342

Allison A. Jones, Bar No. 16990

By: _____
ATTORNEYS FOR PLAINTIFF

STATE OF LOUISIANA

PARISH OF CADDO

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared Jacquetta Mitchell, who did depose and state that she is the Plaintiff in the foregoing Complaint, that she has read the Complaint, and that all of the allegations contained therein are true and correct to the best of her knowledge, information and belief.

_____
JACQUETTA MITCHELL

SWORN TO AND SUBSCRIBED before me, Notary Public, this 3rd day of November, 2000.

_____
NOTARY PUBLIC